

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XWXXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**

Honorable J. P. Gibbs, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                                   Attention: Mr. Vestal Lemmon

Opinion No. O-3105
Re: Can the Transportation In-
surance Agency of Dallas,
Texas, legally issue a certi-
ficate of the type set forth?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

We quote from your letter as follows:

"We are submitting herewith a certificate
of insurance written through the Transportation
Insurance Agency, Dallas, Texas, issued to
Chester Cotter, Campbellton, Texas.

"This certificate evidences that cargo
coverage is afforded in an amount not exceeding
$1,000, and that public liability for $5,000/
$10,000 limits and property damage for $5,000
limits are afforded on a certain tractor and
trailer combination automobile. This depart-
ment is not concerned with regard to the cargo
coverage, because we supervise neither the
rates nor the forms in connection therewith.

"The records of this department reflect
that the National Mutual Casualty Company of
Tulsa, Oklahoma, which company has been duly
authorized to write automobile insurance in
this state, is affording bodily injury and

property damage liability insurance on this
same combination automobile unit under policy
No. T-7770, which has been countersigned by
the Transportation Insurance Agency, Dallas,
Texas. This number is reflected in the cer-
tificate hereto attached.

"The Board has heretofore prescribed uni-
form standard automobile policy and endorsement
forms consistent with the provisions of Sec-
tion 5, Article 4682b, Revised Civil Statutes.
The form hereto attached has not been prescribed
and approved for use in connection with the
writing of bodily injury and property damage
liability coverages in the State of Texas.

"The Transportation Insurance Agency has
been licensed as an agent by the Board of In-
surance Commissioners to write fire and casualty
business in this state. This concern has not
been authorized to act in the capacity of an
insurance company.

"We respectfully request your opinion as
to whether the Transportation Insurance Agency
of Dallas, Texas, can legally issue a certifi-
cate of the type attached."

Section 5 of Article 4682b, Vernon's Annotated Civil
Statutes, reads as follows:

"Sec. 5.  In addition to the duty of ap-
proving classifications and rates, the Com-
missioner shall prescribe policy forms for
each kind of insurance uniform in all respects
except as necessitated by the different plans
on which the various kinds of insurers operate,
and no insurer shall thereafter use any other
form in writing automobile insurance in this
State; provided, however, that any insurer may
use any form of endorsement appropriate to its
plan of operation, provided such endorsement
shall be first submitted to and approved by
the Commissioner; and any contract or agree-
ment not written into the application and
policy shall be void and of no effect and in
violation of the provisions of this Act, and
shall be sufficient cause for revocation of
license of such insurer to write automobile
insurance within this State."

The last paragraph of Section 1 of Article 4682b, provides:

"Motor vehicle or automobile insurance as referred to in this Act shall be taken and construed to mean every form of insurance on any automobile or other vehicle hereinafter enumerated and its operating equipment or necessitated by reason of the liability imposed by law for damages arising out of the ownership, operation, maintenance, or use in this State of any automobile, motorcycle, motor-bicycle, truck, truck-tractor, tractor, traction engine, or any other self-propelled vehicle, and including also every vehicle, trailer or semi-trailer pulled or towed by a motor vehicle, but excluding every motor vehicle running only upon fixed rails or tracks. . ."

Section 5, Article 4682a, supra, imposes upon the Board of Insurance Commissioners the duty of prescribing uniform policy and endorsement forms for the writing of all classes of motor vehicle or automobile insurance as referred to in the Act, in this State. The Board of Insurance Commissioners in compliance therewith has prescribed standard policy forms including statutory endorsement forms for attachment to policies covering trucks, buses and other motor vehicles operating under a certificate of convenience and necessity from the Railroad Commission of Texas.

We believe that the fact that the policy or certificate affording bodily injury and property damage liability insurance on the same combination automobile unit under policy No. T-7770 is immaterial, in so far as it

affects the duty of the Board of Insurance Commissioners of prescribing uniform policies and endorsement forms for writing all classes of automobile insurance in Texas. Under the facts stated in your letter, the Board of Insurance Commissioners has not prescribed or approved the certificate of the type attached to your inquiry. We believe Under Article 4682b, that the Board of Insurance Commissioners has the legal right and authority to prescribe and approve for use such policy forms and endorsement forms as may be determined by the Board in the exercise of its discretion. As the above mentioned form has not be prescribed or approved by the Board, it is our opinion that the Transportation Insurance Agency of Dallas, Texas, cannot legally issue certificate of the type attached to your inquiry.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly
ATTORNEY GENERAL OF TEXAS

By          Ardell Williams
                    Assistant

AW:GO/--pam

APPROVED MAY 7, 1941
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN